UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

FILED

2023 MAY -2 PM 3:17

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Victoria Mobley

vs

Case no # 3:23-cv-518-TJC-LLL

Fourth Judicial Circuit Court Judge Jonathan Sacks

**COMPLAINT**

1.

Plaintiff, Victoria Mobley, a resident of Duval County, Florida does business and receives mail at 1601-1 North Main Street #13214 Jacksonville, FL 32206. She is subject to jurisdiction and venue of this honorable court.

2.

Defendant Sacks is employed as a circuit court judge located at the Duval County Courthouse 501 West Adams Street Room #7169 Jacksonville, Florida 32202-4628, and he is subject to the jurisdiction and venue of this honorable court.

3.

Comes now, Plaintiff, and states this: her complaint as follows to wit:

1. This court is empowered to hear and try this case as it involves discrimination pursuant to Title VI of the Civil Rights Act of 1964 42 United States Code 2000d, violations to the judge's oath, judicial misconduct that criminally facilitated capital crimes against a minor child, violations to the Florida Bar Rules and Regulations chapter four's preamble, professional malpractice, culpable negligence Florida Statute 95.11, and violations to the Fourteenth Amendment of the United States Constitution.
2. Specifically, Defendant Sacks has done the following:
   a. Pursuant to the judge's oath, he administered an injustice with respect for the party with more money.
   b. Pursuant to the judge's oath, he administered an injustice with respect for the party with guardianship.
   c. Pursuant to the judge's oath, he did not impartially discharge all the duties incumbent upon him.
   d. He was not compliant with canon three of the judge's code of conduct.
   e. His bad judicial behavior suggests impropriety.
   f. He did not administer lenient due process to a pro se litigant in case #16-2022-MH-002071-XXXX-MA division CV-D despite the substantial researchable documentation and references provided. This is not compliant with the Fourteenth Amendment to the United States Constitution.
   g. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not seek a result advantageous to the Plaintiff/Petitioner but consistent with requirements of honest dealings with others.
   h. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not behave neutrally.
   i. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not conform to the requirements of the law.
   j. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not fulfill his duty in upholding lenient due process.
   k. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not demonstrate mindfulness of the fact that some petitioners experience poverty and are unable to afford decent, effective, adequate, legal counsel. However, petitioners still deserve equal access to justice. He did not afford that to Plaintiff.
   l. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not exercise sensitive, professional, and moral judgment.
   m. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not protect nor pursue Plaintiff's legitimate interests.
   n. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks' professional activity with regards to afore-mentioned case was improper.
   o. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks did not conform to the rules adopted by the judiciary.
   p. Pursuant to the Florida Bar Rules and Regulations chapter four preamble, Defendant Sacks' conduct compromised the public's interest that is supposed to be served as a lawyer responsibly observes the Rules of Professional Conduct. He did not fulfill his duty of effectively dealing with the Rules of Professional Conduct. He did not even print his name beneath his signature, suggesting that he had something to hide.

1. On or near August 4, 2022 case number 16-2022-MH-002071-XXXX-MA division CV-D was filed, and Plaintiff provided observable facts based on prior knowledge. She supported it with research. Plaintiff petitioned for her mother to be involuntarily examined due to her demonstrating numerous indicators that she was experiencing a mental health crisis and could be unsafe for caregiving to Plaintiff's small child. Plaintiff specified in the petition exactly what those indicators were by fully completing all the questions on the petition form and providing four pages' worth of documentation and researchable support. However, Defendant Sacks denied the petition, and when Plaintiff called the mental health department of the courthouse to learn why the petition was denied she was then informed that she was not using the legal language of the corresponding statute found in the denial letter. She was informed that there were certain terms she had to use. Defendant Sacks failed to acknowledge that Plaintiff was a pro se petitioner, and she was supposed to be afforded more lenient due process pursuant to the Fourteenth Amendment to the United States. As a result of this poor judicial conduct, if there was any mistreatment to Plaintiff's minor child as a result of child's caregiver(s) experiencing some sort of mental health crisis, then it was allowed to continue.
2. Defendant Sacks criminally facilitated the reckless endangerment of a minor child, criminally facilitated capitol sexual battery to a minor child, aided the State of Florida Department of Children and Families in keeping Plaintiff's minor child from his rightful custodian, aided Jewish Family and Community Services in continuing to keep separate Plaintiff's minor, dependent child from his rightful custodian, and criminally facilitate custodial interference. He was culpably negligent, and it impacted a several community members as well as society as a whole.

1. According to Whitehouse.gov (2023, n.d.), federal judges have the ability to interpret the law, determine a case's constitutionality, and compel action. According to NAACP.org (2023, n.d.), federal judges have the final say over issues affecting American lives; They preside over trials, determine any illegality in a case based on the evidence provided, and they make a ruling.

2. This honorable court can compel relief to be granted, determine constitutionality of the case, preside over the case, et cetera.

It is requested that this court compel the Defendant to:

1. Pay Plaintiff $500,000.00 in damages for undue stress caused by Defendant Sacks in accordance with Florida Statute 440.39(3)(a).
2. Participate in a trial by jury.
3. Reverse and/or overturn the decision on the above-mentioned petition.
4. Pay all court costs directly to the court.
5. Be disbarred.
6. Be removed from the bench.
7. Recuse himself from any other cases involving Plaintiff as it is a conflict of interest.

**Reference**

The White House. (2023, n.d.). *The judicial branch | the White House.* The White House. https://www.whitehouse.gov/about-the-white-house/our-government/the-judicial-branch/#:~:text=Federal%20courts%20enjoy%20the%20sole,the%20use%20of%20a%20subpoena.
NAACP. (2023, n.d.). *The role of judges.* That National Association for the Advancement of Colored People. https://naacp.org/find-resources/know-your-rights/role-judges

Plaintiff is entitled to relief on the following grounds:

1. Defendant Sacks did not comply with the Judge's Oath.
2. Defendant Sacks did not comply with Title VI of the Civil Rights Act of 1964, 42 United States Code 2000d.
3. Defendant Sack did not follow the Florida Bar Rules and Regulations.
4. Defendant Sacks did not follow the Florida Statutes.
5. Defendant Sacks did not properly act in a way that respected the Fourteenth Amendment to the United States Constitution.
6. Defendant Sacks criminally facilitated capital crimes and third-degree felonies as a result of his misconduct, causing enormous, undue stress to Plaintiff and Plaintiff's child.

Wherefore now Plaintiff prays that this honorable court grant relief.

Victoria Nobley